[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on March 25, 1971, in Oslo, Norway. They have both resided continuously in the state of Connecticut since 1976. They have two children issue of the marriage, both of whom have reached their majority. The evidence presented clearly established that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is 49 years old. She was trained as a lab technician but has not worked in approximately twenty years. She suffers from dyslexia which restricts her employment options. She has filled the role of homemaker and mother for the length of the marriage.
The defendant is soon to be 49 years old. He is in good health and has long been employed as a ship broker. He elected to represent himself at trial and impressed the court with his presentation and ability to express himself.
No useful purpose would be served in memorializing the testimony presented concerning the cause of the breakdown of this marriage. The court finds that each party must bear some responsibility for this failure. CT Page 228
Prior to their marriage, the parties entered into a premarital agreement. The express terms of the agreement provided that the plaintiff was entering into the marriage with certain real property located in Norway known as Trosterudveien 41, Gerdsbu and Brennoya. The premarital agreement provided that this real property "shall be the separate property" of the plaintiff, and that the plaintiff would retain ownership of this real estate in the event the parties subsequently divorced. The plaintiff has requested that this agreement be recognized and enforced by this court.
The court has read the depositions taken in Norway of the attorney who prepared the agreement and of the legal expert testifying as to the validity of the agreement under the law of Norway. The court has reviewed the well written brief of the plaintiff's counsel on this issue.
The court has concluded that the premarital agreement was validly prepared and executed under Norwegian law. However, the court is not persuaded that it is compelled to enforce the agreement because it was properly entered into in Norway. Although the court has awarded the plaintiff the three properties covered in the premarital agreement, it did not do so as a result of implementing the agreement, but because it concluded it was the equitable result to reach after a consideration of all the evidence presented.
The defendant demonstrated great concern that his efforts to improving the Trosterudveien property would go unrecognized if the plaintiff were awarded that property as a result of the execution of the premarital agreement. The court believes the defendant's testimony that he played an important role in the care and improvement of the property, and this effort was recognized by the court in its overall distribution of the assets of the parties.
The court has carefully considered the statutory criteria set forth in Connecticut General Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. Commencing in February, 1994, the defendant shall pay to the plaintiff as periodic alimony the sum of $4,000 per month. One half of this amount shall be paid on the second and fourth Fridays of each month. The payments shall continue until the death of CT Page 229 either party or the plaintiff's remarriage, whichever event shall first occur.
The defendant shall either execute a voluntary assignment authorizing his employer to pay directly to the plaintiff the alimony order while he works in Singapore and a contingent wage withholding order may issue or if the defendant fails to authorize a voluntary assignment an immediate wage withholding order shall issue.
2. The defendant shall convey to the plaintiff a forty percent interest in the marital residence located at 21 Stanwich Road, Greenwich, Connecticut.
The residence shall be promptly sold. The parties shall obtain a real estate agent in Greenwich to assist in determining a fair listing price and sales price for the residence. The court reserves jurisdiction over said real estate and any issues in relation thereto.
Commencing February 1, 1994, the plaintiff shall have exclusive possession of the residence. She shall have the responsibility to pay all charges involving the maintenance of the premises including the mortgages, taxes, insurance and ordinary repairs.
From the sales price of said real estate, the normal closing costs shall be deducted, and the first mortgage and home equity mortgages shall be paid. The net proceeds of sale shall be divided 60% to the defendant and 40% to the plaintiff.
3. The plaintiff shall retain ownership in her real estate located in Norway, to wit:
Trosterudveien 41, Gerdsbu and Brennoya.
4. The defendant shall retain ownership in his real estate located in Norway, to wit: Askoey and Ullernkoimen.
5. The defendant shall retain his Norwegian common stocks having a value of approximately $2,000, his IRA of approximately $18,000, his People's Bank savings and checking accounts, and his boat.
6. The defendant shall retain sole ownership of his pension plans and profit sharing plan. CT Page 230
The court has made this award, the award of the entire interest in the defendant's Norwegian properties to the defendant alone and the award of a 60% interest in the marital residence to the defendant in recognition of his contributions to the renovation and management of Trosterudveien 41 and his encumbrancing his Norwegian property to assist in payment of expenses attributed to the plaintiff's property.
7. The defendant shall cooperate in assisting the plaintiff, through COBRA, receive, at the plaintiff's cost, medical insurance benefits from the insurer of the defendant's employer.
8. The joint account of the parties at Fleet Bank shall be divided equally.
9. The plaintiff's account at Fleet Bank in which her mother's money is deposited and her $3,900 IRA shall be retained by her.
10. The defendant shall transfer to the plaintiff all of the defendant's right, title and interest in the 1988 Sterling automobile.
11. The personal property of the parties, including furniture, furnishings, antiques and jewelry shall be divided between the parties by agreement. The court reserves jurisdiction if the parties are unable to agree as to the division of these items. If further court intervention is required, the parties shall first report to the Family Relations office for assistance before requesting a court hearing.
12. The defendant shall pay to the plaintiff as a contribution towards her counsel fees the sum of $9,000. This shall be paid from the defendant's share of the proceeds from the sale of the marital residence.
13. The defendant shall name the plaintiff as the irrevocable beneficiary of life insurance in the amount of $200,000 for as long as the defendant is obligated to pay periodic alimony. The defendant shall furnish the plaintiff proof of such coverage.
Judgment may enter accordingly.
NOVACK, J. CT Page 231